UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jalen Bradley, *et al.*,

    Plaintiffs,

v.

City of Columbus, *et al.*,

    Defendants.

Case No. 2:24-cv-3118

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

    This is a police-shooting case. On May 6, 2023, a shootout erupted in Columbus's Short North neighborhood. Columbus police officers were on one side of the shootout, and a group of unidentified assailants were on the other. Somewhere in the middle, caught in the crossfire, were siblings Jalen and Ja-Dawn Bradley. The unidentified assailants escaped. But that did not end the shooting. After the assailants escaped, Columbus police pursued the Bradleys, apparently unaware that they were innocent bystanders. The Bradleys allege that police shot Jalen eleven times and Ja'Dawn three or four times.

    So the Bradleys sued the City of Columbus ("the City"), its Division of Police ("the Division"), and several police officers (Carl Harmon, Jacob Velas, Ian Mansberger, William Phillips, Austin Earle, John Does 1–3, and Jane Does 1–3, collectively the "Individual Defendants"). Compl. ¶ 2, ECF No. 1. In their Complaint, the Bradleys assert that all Defendants violated the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution as well as

Article I, Sections 1 and 16 of the Ohio Constitution. *Id.* ¶ 35. The Bradleys claim that these constitutional violations entitle them to damages under 42 U.S.C. §§ 1983 and 1985. *Id.* ¶ 36.

In separate motions, the City and the Individual Defendants ask this Court to dismiss the Bradleys' Complaint. ECF Nos. 5, 6. The Court reviews both, in turn, below.

## I. THE CITY'S MOTION TO DISMISS

In its motion to dismiss, the City raises five arguments: (1) the Division is not a proper defendant; (2) the Bradleys' factual allegations are too conclusory for § 1983 (or § 1985) liability under *Monell*; (3) the intracorporate conspiracy doctrine bars § 1985 liability; (4) neither Article I, Section 1 nor Article I, Section 16 of the Ohio Constitution are self-executing; and (5) political subdivision immunity bars any state-law claims. *See generally* ECF No. 5.

In their response to the City's motion, the Bradleys ignore arguments (1), (3), (4), and (5). *See generally* ECF No. 15. But these arguments have merit.[1]

---

[1] *See Roland v. Ohio*, No. CS-00-316, 2002 WL 1584280, at *3 (S.D. Ohio June 12, 2002) ("The Division of Police is merely an administrative vehicle by which the City of Columbus operates and performs its functions, and therefore, it lacks the capacity to be sued." (citations omitted)); *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1160 (6th Cir. 2021) ("But the court recognized that the 'intracorporate conspiracy doctrine' bars a § 1985 claim alleging that members of a collective entity (like the officers and the city) conspired with each other."); *PDU, Inc. v. City of Cleveland*, No. 81944, 2003 WL 21555157, at *3–5 (Ohio Ct. App., 2003) ("Thus, because Section 16 of Article I of the Ohio Constitution is not self-executing, it does not create a private right of action" (cleaned up)); *State v. Williams*, 728 N.E.2d 342, 354 (Ohio 2000) (same for Art. I, Section 1).

And (3), (4), and (5) apply not just to the Bradleys' claims against the City but also to their claims against the Individual Defendants. The Court thus **DISMISSES with prejudice** all claims against the Division, the § 1985 claims against all Defendants, and all state-law claims against all Defendants.

The Bradleys do respond to the City's *Monell* argument. Discovery, they speculate, may reveal the facts they need to state a *Monell* claim. *Id.* at 2. But a *Monell* plaintiff "cannot rely on speculation about what may be learned during discovery to defeat the City's motion to dismiss." *Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, 1041–42 (6th Cir. 2024), *cert. denied*, 145 S. Ct. 274 (2024). And the Court agrees with the City that the Bradleys' current allegations are too vague to state a *Monell* claim.

Dismissal without prejudice would be the Court's ordinary course. But, here, because the statute of limitations has passed, dismissal without prejudice equates to dismissal with prejudice. "Dismissal with prejudice is a harsh remedy not to be employed indiscriminately." *Craddock v. FedEx Corp. Services, Inc.*, 102 F.4th 832, 839 (6th Cir. 2024) (cleaned up). The Court will thus give the Bradleys one chance to amend their Complaint to fix the deficiencies in their *Monell* claim, because it finds that amendment might not be futile. The Court thus **GRANTS** the Bradleys leave to amend, **ORDERS** them to do so within **SIXTY DAYS**, and accordingly **DENIES without prejudice** the City's motion to dismiss the Bradleys' § 1983 *Monell* claim.

## II. INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

In their motion to dismiss, the Individual Defendants raise two arguments: (1) the Bradleys' official-capacity claims against the Individual Defendants duplicate—and thus fall with—their *Monell* claim against the City; and (2) the Bradleys' factual allegations are too vague and conclusory to state any personal-capacity claims. *See generally* ECF No. 6. In the alternative, based on (2), the Individual Defendants move for a more definite statement. *Id.*

The Court agrees with the Individual Defendants on (1). The official-capacity claims duplicate the Bradleys' *Monell* claim against the City—a claim which is insufficiently pleaded for the reasons discussed above. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

The Court also agrees with the Individual Defendants on (2) because the Bradleys' Complaint fails to separate distinct claims, groups all Individual Defendants, and generally lacks specificity. The Bradleys, in any event, request that the Court "allow them a reasonable period of time . . . to file an amended complaint curing the deficiencies identified in the motion for a more definite statement." Resp. 5, ECF No. 16. The Court will do so.

Finding that amendment might not be futile for their § 1983 personal-capacity claims and motivated by the same timing problem mentioned above, the Court **GRANTS** the Bradleys leave to amend, **ORDERS** them to do so within **SIXTY DAYS**, and accordingly **DENIES without prejudice** the Individual Defendants' motion to dismiss the Bradleys' § 1983 claims.

## III. CONCLUSION

Consistent with the above, the City's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. All claims against the Division are **DISMISSED WITH PREJUDICE** because it is not *sui juris*.

The Individual Defendants' motion to dismiss is also **GRANTED IN PART** and **DENIED IN PART**. All official-capacity-damages claims against the Individual Defendants are **DISMISSED** as duplicative.

The § 1985 claims are **DISMISSED WITH PREJUDICE** for all Defendants, per the intra-corporate conspiracy doctrine. The state-law claims are also **DISMISSED WITH PREJUDICE** for all Defendants, lacking a cause of action.

The Bradleys' Complaint also fails to state a § 1983 *Monell* claim against the City or a § 1983 personal-capacity claim against the Individual Defendants. But, because amendment might not be futile, the Court **GRANTS** the Bradleys leave to amend their Complaint. The Bradleys **SHALL** attempt to cure the deficiencies in their § 1983 *Monell* claim against the City and their personal-capacity § 1983 claims against the Individual Defendants within **SIXTY DAYS**. The Court **CAUTIONS** that if they fail to do so, this Court will dismiss their Complaint with prejudice, sua sponte if not on a motion.

The Clerk shall terminate ECF Nos. 5 and 6.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT