**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JALEN BRADLEY, et al.,** | : | |
| | : | **Case No. 2:24-cv-03118** |
| **Plaintiffs,** | : | |
| | : | **Judge Michael H. Watson** |
| **v.** | : | |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| **CITY OF COLUMBUS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>SHOW CAUSE ORDER</u>

On May 22, the Court ordered Plaintiffs to provide Defendants "with an initial settlement demand and the initial calculation of Plaintiffs' damages along with the types of damages sought" by June 16, 2025. (Doc. 91). On June 17, Defendants filed a notice stating Plaintiffs did not comply with this deadline. (Doc. 95). Specifically, Defendants said the damages information provided for Plaintiff Ja-Dawn Bradley was incomplete. (*Id.*). And, Plaintiffs' counsel wholly failed to provide any settlement demand or calculation of damages for Plaintiff Jalen Bradley. (*Id.*).

In response, Plaintiffs supplemented the settlement and damages information for Plaintiff Ja-Dawn Bradley. (Doc. 96). On this front, Defendants are satisfied, for now. (Doc. 97 (but stating they expect promised supplementation once it becomes available to Plaintiffs)). However, Plaintiff Jalen Bradley's settlement and damages information is a different story.

Before discussing that issue, though, the Court takes a moment to review how we got here. Almost one year ago, the parties filed a Rule 26(f) report that, among other things, proposed that Plaintiff would make a settlement demand by April 30, 2025. (Doc. 11 at 4). The Court adopted that deadline. (Doc. 12 at 3). The subsequent months brought several discovery disputes which

required informal Court intervention. (*See, e.g.*, Docs. 24, 26, 30, 31, 36, 37, 38, 39). In an attempt to curb some of these disputes, the Court required the parties to file joint status reports on their discovery progress every 45 days. (Doc. 45). Unfortunately, that was not the end.

In February 2025, Defendants filed a motion to compel Plaintiffs' medical records. (Doc. 57). Resolving the motion required several weeks' worth of the parties' and the Court's time, even though Plaintiffs made assurances early on that they would provide Defendants what they needed quickly. (*See* Doc. 61 at 3 (indicating Plaintiffs would produce the medical records or signed authorizations by March 7); *but see* Docs. 64, 66, 67, 68, 69, 70, 71, 75, 76, 77, 79).

During all this time, neither side requested an extension of any deadline set in the Court's scheduling order. (Doc. 12). Plaintiffs' deadline to make a settlement demand, therefore, was still April 30, 2025. Yet they failed to provide one by that date, spurring another round of status reports and motions. (Docs. 82, 83, 84, 85, 86, 87). In one of the status reports, Plaintiffs' counsel "indicated that he would hopefully be able to provide an initial settlement demand to Defendants by mid-June." (Doc. 87 at 4). With this assurance, on May 22, the Court required Plaintiffs to provide Defendants "an initial settlement demand and the initial calculation of Plaintiffs' damages along with the types of damages sought" by June 16. (Doc. 91).

Once more, Plaintiffs did not request an extension to this deadline. And yet again, Plaintiffs failed to comply with the Court's order. (*See* Doc. 95). In fact, Plaintiffs' counsel admits he did not give Defendants a settlement demand or damages calculation for Jalen Bradley, and he makes no attempt to estimate when he could comply. (Doc. 96). Rather, he says he "simply cannot" comply, citing Jalen Bradley's ongoing medical treatment. (Doc. 96 at 2 (stating Jalen Bradley has three doctor's appointments between now and July 30)). In other words, because Jalen Bradley will continue to bill for and experience the pain of treatment, Plaintiffs' counsel "simply

cannot" provide even an "initial" settlement demand or an "initial" calculation of damages. (*Id.*; *see also* Doc. 91). Rather, Defendants, and the Court, are left with counsel's offhand suggestion that "if the Court is adamant that Plaintiff Jalen Bradley and [his counsel]" must follow this Court's express order, Plaintiff's initial settlement demand would be $25,000,000. (Doc. 96 (providing no indication of how that number was calculated or what categories of damages that number includes); *see also* Doc. 97 (noting that Defendants have received nothing beyond this "bare dollar figure")).

The Court's May 22 Order that Plaintiffs provide Defendants "with an *initial* settlement demand and the *initial* calculation of Plaintiffs' damages along with the types of damages sought" was not ambiguous. (Doc. 91 (emphasis added)). It very clearly required Plaintiffs to give Defendants something to work with. *See https://www.merriam-webster.com/dictionary/initial* (defining "initial" as "of or relating to the beginning"). The Court does not doubt counsel's assertion that numbers may change because of Jalen Bradley's ongoing treatment. But counsel's position that it was "impossible" to timely provide even a starting point for Jalen Bradley's settlement demand or calculation of damages after he has litigated this case for over a year is mystifying. (Doc. 96 at 2). And though Plaintiffs cite caselaw suggesting that counsel's continued diligence excuses them from providing a computation of "actual damages," they ignore that in the very same case, this Court made clear that while a "precise calculation" is not required in some circumstances, an "estimate or general methodology" remains subject to disclosure. *Safelite Grp., Inc. v. Lockridge*, No. 2:21-CV-04558, 2023 WL 2692344, at *4 (S.D. Ohio Mar. 29, 2023) (ordering a plaintiff to produce "an estimate or a general methodology it intends to use with respect to the particular damages" as part of its initial disclosures (citation omitted)).

Plaintiffs' noncompliance does not exist in a vacuum. As Defendants point out, they

cannot meaningfully mediate or depose Jalen Bradley without understanding Plaintiff's settlement demand or the categories of damages he seeks. (Doc. 97; *see also* Doc. 91 (noting Defendants' representation that their ability to mediate hinged on Plaintiffs providing them this information)). And, as alluded to earlier, this is not the first time Plaintiffs failed to fully comply either with the Court's orders or with deadlines they mutually agreed on with Defendants. (*Compare* Doc. 61 (representing Plaintiffs would provide either medical records or signed releases by March 7) *with* Doc. 64 (representing Defendant had not received medical records or signed releases on March 10); *compare* Doc. 12 (setting Plaintiffs' deadline make a settlement demand to April 30) *with* Doc. 83 (representing on May 2 that Plaintiffs had not made a settlement demand); *compare* Doc. 77 (ordering Plaintiffs' counsel to email Defendants' counsel about medical treatment updates by May 1) *with* Doc. 85 (representing on May 2 that Defendants still awaited an update as to Plaintiffs' medical treatment) *and* Doc. 87 (stating Defendant received the update on May 9); *compare* Doc. 45 (ordering the parties to file regular joint discovery status reports) *and* Doc. 77 (same) *with* Docs. 85 (stating Plaintiffs did not participate in the creation of the joint status report)). Their disregard for deadlines continues to be a roadblock in this case.

Accordingly, Plaintiffs are **ORDERED** to **SHOW CAUSE on or before July 22, 2025**, explaining why the Court should not impose sanctions for violating the Court's May 22 Order (Doc. 91). Plaintiffs should also detail any progress they have made towards complying with the Court's Order. Additionally, as part of their response to this Order, Plaintiffs are **ORDERED** to file documentation of Plaintiff Jalen Bradley's upcoming medical appointments. They are **GRANTED** permission to file only these exhibits under seal.

Finally, Plaintiffs' counsel is **REMINDED** that failing to "detail and provide proof of damages when requested to do so in discovery" or failing to provide damages information

required by the Federal Rules may result in the same being excluded at trial. *See, e.g.*, *TLC Realty 1 LLC v. Belfor USA Grp., Inc.*, No. 3:13-CV-56, 2016 WL 1730712, at *2 (S.D. Ohio Feb. 3, 2016); *Bonnell v. Firstmerit Bank*, N.A., No. 13–13589, 2014 WL 5511494, at *1 (E.D. Mich. Oct. 31, 2014); *see also* Fed. R. Civ. P. 26(a) and (e); Fed. R. Civ. P. 37(c)(1).

IT IS SO ORDERED.

Date: July 1, 2025

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE