UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jalen Bradley, *et al.*,

    Plaintiffs,

v.

The City of Columbus, *et al.*,

    Defendants.

Case No. 2:24-cv-3118

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

This matter is before the Court on the motion to dismiss, ECF No. 157, filed by the City of Columbus Division of Police (the "Division"). Jalen Bradley and Ja-Dawn Bradley ("Plaintiffs") have not responded, and the time to do so has passed. For the following reasons, the Division's motion is **GRANTED**.

### I. BACKGROUND

The following summary draws from the allegations in Plaintiffs' Second Amended Complaint ("SAC"), ECF No. 148, as well as any documents integral to and incorporated therein.

Plaintiffs, a brother and sister, allege that they were attacked at gunpoint by a group of males/gang while in the Short North area of Columbus. SAC ¶¶ 8–9, ECF No. 148. The group/gang members opened fire on Plaintiffs, injuring them, and Jalen returned fire with four rounds before Plaintiffs attempted to flee. *Id.* ¶ 9. According to Plaintiffs, Division Officers (Defendants Carl Harmon, Jacob

Velas, and Ian Mansperger)[1] opened fire on Plaintiffs, who, unknown to the Officers, were innocent bystanders. *Id.* ¶ 10.

Relevant here, Plaintiffs sued the Division, asserting claims under 42 U.S.C. §§ 1983, 1985, and 1988, as well as Ohio law. *Id.* ¶ 1. The Division moved to dismiss the original Complaint, ECF No. 5, and the Court granted the motion, ECF No. 72. Subsequently, Plaintiffs filed their First and Second Amended Complaints. ECF Nos. 92, 148. The Division now moves to dismiss the Second Amended Complaint. ECF No. 157.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the

---

[1] Plaintiffs bring this action against the City of Columbus, the Division, and Officers Harmon, Mansberger, and Velas (collectively, "Defendants").

motion-to-dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. ANALYSIS

The Division asserts one basis for dismissal: that the claims against it should be dismissed because it is not *sui juris*. ECF No. 157 at PAGEID # 2219. The Court agrees. It has long been held that "police departments are not *sui juris*; they are merely sub-units of the municipalities they serve." *Harris v. Stephens*, No. 2:18-CV-600, 2019 WL 7343252, at *2 (S.D. Ohio Dec. 31, 2019) (finding that Columbus Division of Police is not *sui juris*) (citation and internal quotation marks omitted). The Court thus **GRANTS** the Division's motion.

### IV. CONCLUSION

For these reasons, the Division's motion to dismiss, ECF No. 157, is **GRANTED**. The Division is **DISMISSED WITH PREJUDICE**.

The Clerk shall terminate ECF No. 157.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**