UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JALEN BRADLEY, et al., | : | |
| | : | Case No. 2:24-cv-03118 |
| Plaintiffs, | : | |
| | : | Judge Michael H. Watson |
| v. | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| CITY OF COLUMBUS, et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

Before the Court is Plaintiffs' Motion to File Documents Under Seal. (Doc. 252). For the following reasons, Plaintiffs' Motion is **GRANTED in part**. All parties are **GRANTED** leave to file briefing related to Plaintiffs' upcoming motion for mediation and fees under seal. Plaintiffs are **ORDERED** to file that motion under seal **within seven (7) days**.

**I.   STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of

judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp., Inc.*, 825 F.3d at 305). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp., Inc.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

## II. DISCUSSION

Plaintiffs intend to file a motion for mediation costs and fees. (Doc. 252). Parts of that motion, they say, should be shielded from the public's view to protect the integrity of the parties' mediation process. (*Id.*). Plaintiffs proposed—and the Court reviewed *in camera*—redactions to

their motion and attached exhibits to that end. Defendants do not completely agree with Plaintiffs' approach. (Doc. 257). They argue that Plaintiffs' proposed redactions are arbitrary, unsupported, and unsustainable. (*Id.*). Defendants say that to the extent the Court entertains Plaintiffs' motion for mediation costs and fees, the briefing should be placed entirely under seal.[1] (*Id.*).

What both sides seem to agree on is that this Court's Local Rules support a compelling interest in sealing communications made during or directly related to mediation. Local Rule 16.3 states that "to promote candor and protect the integrity of this Court's ADR processes, in addition to other protections afforded by law, all communications made by any person . . . during ADR proceedings . . . are confidential and are subject to disclosure only" in certain circumstances. S.D. Ohio Civ. R. 16.3(c)(1). Further, this Court has recognized a "long-standing tradition that settlement discussions should remain confidential." *Jackson v. Gen. Elec. Aviation,* No. 1:19-CV-629, 2020 WL 5290535, at *2 (S.D. Ohio Sept. 4, 2020). And "while there is no recognized settlement-negotiations privilege *per se*, there is a policy interest in facilitating and encouraging settlements, an interest which is well-served by preserving the confidentiality of parties' communications during the mediation process." *Davis v. Alcoa, Inc.*, No. 17-13658, 2019 WL 3346075, at *1 (E.D. Mich. June 10, 2019) (citation omitted). Accordingly, the "parties' interest in maintaining the confidentiality of their settlement discussions can provide a basis to overcome the presumption of public access to those records." *Jackson*, 2020 WL 5290535, at *2. That interest applies here, where Plaintiffs' motion—and presumably the rest of the briefing—will reveal details of the parties' settlement discussions.

Two problems remain. First, the public's interest in this case is not small. This case is all about matters of public concern, specifically an alleged shooting carried out by a City of Columbus

---

[1] Defendants also assert that Plaintiffs are prematurely seeking recovery of their attorney fees. (Doc. 257). The Court takes no position on that argument at this time.

police officer.  (*See, e.g.*, Doc. 148).  The public has a greater interest in understanding the facts, arguments, and holdings in this matter than if this litigation were between two private parties.  Indeed, taxpayer dollars fund Defendants and Defendants' counsel.  The second problem is the parties disagree about whether Plaintiffs' redactions are too narrowly tailored.  (*See* Docs. 252, 257).  Defendants argue this matter should be considered completely away from the public's eye rather that only partially redacted.  (Doc. 257).

The Court strikes an appropriate, cautionary balance of the compelling interest favoring sealing and the public's weighty interest in this matter.  The parties shall be **GRANTED** leave to file the motion for mediation and costs and all related briefing completely under seal, for now.  However, the Court may unseal any portion of the briefing should it ultimately become clear that the compelling interest in sealing does not outweigh the public's right to know.  Prior to doing so, the Court will provide notice to the parties and an opportunity to respond.

Though permitting wholesale sealing of Plaintiffs' upcoming motion and related briefing is not so narrowly tailored on its face, the Court finds at least temporary sealing apt here.  In other words, this holding is limited to the circumstances presented and should not be taken further.

III.    **CONCLUSION**

For the following reasons, Plaintiffs' Motion to File Documents Under Seal (Doc. 252), is **GRANTED in part**.  All parties are **GRANTED** leave to file briefing related to Plaintiffs' upcoming motion for mediation and fees under seal.  Plaintiffs are **ORDERED** to file that motion under seal **within seven (7) days**.

IT IS SO ORDERED.

Date:   December 16, 2025                                /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE