UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JALEN BRADLEY, et al.,              :

                          :      **Case No. 2:24-cv-03118**

      **Plaintiffs,**         :

                          :      **Judge Michael H. Watson**

**v.**                   :

                          :      **Magistrate Judge Kimberly A. Jolson**

**CITY OF COLUMBUS, et al.,**  :

                          :

      **Defendants.**       :

## ORDER

Several months ago, the Court held all discovery motions and informally raised discovery disputes in abeyance pending the Court's decisions on several motions to dismiss. (Doc. 241). The Court recently issued those Opinions and Orders. (Docs. 264, 268). The Court then ordered the parties to confer on the four live discovery motions, as well as any informally raised discovery disputes. (Doc. 269). That update is now before the Court. (Doc. 273).

## I.    RESOLVED MOTIONS

To begin, the parties resolved two of the pending discovery motions extrajudicially. In particular, Plaintiffs withdraw their Motion to Compel Ballistics Testing. (*Id.* at 3). And Defendants are not pursuing more documents under the subpoena at issue in Plaintiffs' Motion to Quash. (*Id.*). Considering the parties' representations, the Court **DENIES as moot** both Motions (Docs. 223, 250).

## II.    INFORMAL DISCOVERY DISPUTE

Next, the parties raised a discovery dispute unconnected to a pending motion. Previously, the Court granted Defendants leave to reopen Plaintiffs' depositions for one hour and thirty minutes apiece. (Doc. 234 at 3). The reopened depositions were to cover Plaintiffs' phone records and revised discovery responses, all of which Defendants received after Plaintiffs' depositions. (*Id.*; *see also* Doc. 228). Now, Defendants seek an extra hour in Jalen Bradley's deposition to ask about the presence of his ex-girlfriend, Mikeontate Long, and others in the Short North on the night at issue in

this case.  (Doc. 234 at 3).  In September 2025, Mr. Bradley testified that Ms. Long was not there.  (Doc. 205-1 at 108, 131).  But because Defendants learned that Mr. Bradley called Ms. Long that night, Defendants deposed her on December 5.  (Docs. 242, 263).  Ms. Long testified she was in the Short North on the night in question, along with her brother and another friend.  (Doc. 263-1 at 25–26).  Defendants wish to ask Mr. Bradley about the discrepancy.  (Doc. 234 at 1–2).  Plaintiffs oppose, arguing Defendants had the opportunity to subpoena Ms. Long prior to Mr. Bradley's deposition and their request amounts to a "second bite at the apple" on an issue that should be held until trial.  (Doc. 273 at 2).

Under Federal Rule of Civil Procedure 30, a party must obtain leave of Court to depose someone who has already been deposed in a case.  Fed. R. Civ. P. 30(a)(2)(A)(ii).  The Court must grant such leave to the extent consistent with Rules 26(b)(1) and (2).  *Id.*  Among other things, those Rules guide that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  And they allow the Court to limit discovery if it determines that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Fed. R. Civ. P. 26(b)(2)(C)(ii).

The Court finds Defendants' requested line of questioning relevant and proportional to the needs of this case in light of its connection to the events central to Plaintiffs' claims.  And given the procedural history and discovery timeline in this matter—indeed, Plaintiffs did not produce valid cell phone authorizations in time for Mr. Bradley's records to be received by Defendants before his deposition (Doc. 228 at 5)—the Court does not find the Rule 26(b)(2)(C) considerations warrant limitation.  Further, prejudice to Plaintiff Jalen Bradley is minimal, as the Court is already permitting his deposition to be reopened.

Accordingly, the Court **GRANTS** Defendants' request.  Plaintiff Jalen Bradley's reopened

deposition shall be limited to two hours and thirty minutes.  The deposition may cover testimony about (1) Mr. Bradley's phone records and revised discovery responses, both as identified in the Court's prior Order (Doc. 234), for up to one hour and thirty minutes; and (2) topics reasonably related to the presence of Ms. Long, her brother, and her brother's friend with Plaintiffs on May 5, 2023, for up to one hour.  The parties are **ORDERED** to schedule and complete Jalen Bradley's reopened deposition **within the next thirty days**.

## III.    REMAINING MOTIONS

The parties were unable to resolve Plaintiffs' related Motion to Compel Psychological Records (Doc. 246) and Motion to Compel Answer to Deposition Question (Doc. 251) extrajudicially.  Briefing is now appropriate on both.  Accordingly, the Court **LIFTS** that stay on the Motions.  Defendants' responses to each are due **on or before July 20, 2026**.  Plaintiffs' replies are due **fourteen (14) days** after Defendants' filed responses.  No extensions to these deadlines will be granted.

## IV.    DISCOVERY CONFERENCE AND SCHEDULE

Given the parties' progress, the Court **VACATES** the in-person discovery hearing set for July 1, 2026 (Doc. 269).

Additionally, the parties are **WARNED** that discovery is closed (*see* Doc. 249).  The Court will not entertain new discovery disputes absent a granted motion to reopen discovery.

Finally, the dispositive motions deadline is no longer feasible.  (Doc. 119).  The Court will impose a new deadline following the disposition of the two remaining discovery motions.

IT IS SO ORDERED.

Date:   June 29, 2026                                 /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE

3