**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JALEN BRADLEY, et al.,** | : | |
| | : | **Case No. 2:24-cv-03118** |
| **Plaintiffs,** | : | |
| | : | **Judge Michael H. Watson** |
| **v.** | : | |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| **CITY OF COLUMBUS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

Before the Court is Defendant Carl Harmon's Motion for Leave to Amend Answer. (Doc. 278). For the following reasons, the Motion is **GRANTED**.

## I. BACKGROUND

The Court has summarized the allegations underlying this action. (Doc. 268). In particular,

> On May 6, 2023, [Plaintiffs Jalen and Ja-Dawn Bradley] were walking along High Street in the Short North neighborhood of Columbus, Ohio. [Doc. 148 ¶ 8]. While they were walking down the street, a group of armed males began shooting at them, causing injuries to both. *Id.* ¶ 9. Jalen was armed with a firearm, and he returned four shots at the group of males before Plaintiffs ran. *Id.* As Plaintiffs were running for cover from the shootout, Officer Harmon was also in the area that evening and responded to the gunfire. *Id.* ¶ 10. . . . Officer Harmon opened fire on Plaintiffs. *Id.* ¶ 10. . . . Officer Harmon caused Plaintiffs serious injuries—namely, Jalen was hospitalized and paralyzed, and Ja-Dawn was shot four times and hospitalized. *Id.* ¶ 16.

(Doc. 268 at 1–2).

Procedurally, this case has been slow moving. As part of the scheduling order, the Court set the parties deadline to amend the pleadings to November 22, 2024. (Doc. 12). Several months after that deadline, the Court granted Plaintiffs leave to amend their complaint in lieu of dismissing their claims. (Doc. 72). Months later, the Court permitted Plaintiffs another amended complaint after it observed the amendment was "a mess." (Doc. 135 at 3–4). In response to the subsequent Second Amended Complaint, Defendant Harmon filed a partial answer and a motion to dismiss in

part. (Docs. 156, 159). His partial answer asserts several affirmative defenses, though none under state law. (Doc. 59 at 12–13). The motion to dismiss asked the Court to dismiss all state law claims against him with prejudice. (Doc. 156). The Court granted in part and denied in part the latter, permitting Plaintiffs to proceed with several claims against Defendant Harmon. (Doc. 268). The proceeding claims include a Section 1983 individual capacity claim; an assault and battery claim; and an intentional infliction of emotional distress claim. (*Id.*).

One month after the Court's Opinion & Order on the motion to dismiss, Defendant Harmon filed a motion to amend his answer. (Doc. 278). He seeks to include an affirmative defense provided under Ohio law applicable to all state law claims against him. (*Id.*; *see also* Doc. 278-1 at ¶ 86 (proposed amended answer)). Plaintiff opposes the amendment, and this matter is ready for consideration. (Docs. 285, 286).

## II. STANDARD

Under Rule 15, when a party seeks leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments[.]" *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation modified). "Factors that may affect [whether to grant leave to amend a pleading] include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citation omitted). Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

Yet, "[o]nce a pleading deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Rule 16(b)" before considering the proposed amendment under Rule 15. *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008) (citing *Leary v. Daeschner*, 349 F.3d 888, 906–07 (6th Cir. 2003)). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007). The Court must also consider "the potential prejudice" to the other parties. *Leary*, 349 F.3d at 909.

## III. DISCUSSION

Defendant Harmon seeks to amend his answer to add an affirmative defense: statutory immunity under Ohio Revised Code Chapter 2744. (Doc. 278). The Court considers the request under Rule 16 before testing it under Rule 15.

### A. Rule 16

The parties' deadline to amend the pleadings was November 22, 2024. (Doc. 12). As described above, the first question the Court must answer in considering a case schedule modification is whether Defendant Harmon acted diligently in attempting to meet this deadline. The second question is whether the amendment would prejudice Plaintiffs.

Beginning with diligence, Defendant Harmon argues that because Plaintiffs did not file their Second Amended Complaint until August 29, 2025—more than 9 months after the amendment deadline—he could not have possibly complied with the scheduling order. (Doc. 278 at 5). In other words, he could not have reasonably met the November 2024 deadline to amend his answer to a complaint that did not exist yet. (*Id.*). Plaintiffs respond that Defendant Harmon's diligence falls short because he did not include the affirmative defense when he had the chance. (Doc. 285 at 3). In their view, he should have pled the defense in his partial answer to the Second Amended Complaint. (*Id.*).

Defendant Harmon has the better view of the law. "[T]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation omitted). Under the circumstances, Defendant Harmon could not have met the case schedule's requirements. *See, e.g.*, *Meng Huang v. Ohio State Univ.*, No. 2:19-CV-1976, 2021 WL 1289767, at *2 (S.D. Ohio Apr. 7, 2021) ("Rule 16 requires Plaintiff to demonstrate that she *could not have*, despite the exercise of reasonable diligence, sought leave to amend prior to the deadline." (emphasis in original)). At the time of the November 2024 deadline, Plaintiffs had not filed their Second Amended Complaint. Defendant Harmon had not filed any answer, let alone the answer he seeks to now amend. No amount of diligence on Defendant Harmon's part would have changed these facts.

Still, even if the Court finds the requisite diligence, it also considers prejudice to the nonmoving party. Defendant Harmon submits that Plaintiffs will not be prejudiced by an amendment because they have known about his claim to immunity under Ohio Revised Code Chapter 2744 for a while. (Doc. 278 at 5–6; Doc. 286 at 3). Harmon raised it in his motion to dismiss as pertinent to Plaintiffs' now dismissed negligent infliction of emotional distress claim. (*See* Doc. 156 at 6–7; *see also* Doc. 170 at 12–13 (Plaintiffs' response to motion to dismiss argued why immunity under the state law did not apply)). According to Defendant Harmon's read, all three of Plaintiffs' complaints "attempt to plead around Chapter 2744 immunity" by asserting Defendants acted in a "willful, wanton, and reckless" manner. (*See, e.g.*, Doc. 2 at ¶ 30; Doc. 92 at ¶ 16; Doc. 148 at ¶ 17). Additionally, Defendant Harmon points out that under Federal Rule of Civil Procedure 12(a)(4)(A), he could have amended his answer as of right for up to 14 days after the Court denied his motion to dismiss—June 24, 2026. (Doc. 286 at 2). So, Plaintiffs are not any more prejudiced by amendment at this point than they would have been if Defendant Harmon had

amended by that time. (*Id.*).

Plaintiffs counter that they will be prejudiced in two ways. First, they say that if they had known Defendant Harmon was going to assert an immunity defense under Ohio Revised Code Chapter 2744, they would have conducted discovery specific to it. (Doc. 285 at 4). For example, they would have asked Defendant Harmon deposition questions that addressed the defense's elements. (*Id.*). Plaintiffs also say they would have included arguments related to it in their pending motions to compel. (*Id.*). They purport their relevancy arguments about Harmon's psychological evidence could have been bolstered if they knew he would assert a defense that excepted acts done with malicious purpose, bad faith, or in a wanton or reckless manner. (*Id.* at 4–5).

The Court agrees with Plaintiffs that amendment this late will prejudice them to some degree. *Cf. Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 537 (6th Cir. 2008) ("[A]llowing amendment after the close of discovery creates significant prejudice[.]") (citation omitted). At the same time, the Court is hesitant to say that Plaintiffs would be so unduly prejudiced that the prejudice outweighs diligence. *See E.E.O.C. v. U-Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012) ("Prejudice to the non-moving party is a relevant consideration [in a 16(b) analysis], 'but the main focus should remain on the moving party's exercise of diligence.'") (quoting *Cooke v. AT&T Corp.*, No. 2:05-cv-374, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007)). This is especially true when the Court can mitigate prejudice by addressing Plaintiffs' concerns. Specifically, as described below, the Court can permit limited discovery related to the new affirmative defense and can allow the parties to address the immunity issue in their motions to compel briefing. *See also Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 460 (S.D. Ohio 2021) (noting a bit more discovery generally does not change the Court's good cause finding).

Therefore, under its "broad discretion in deciding motions for leave to amend," the Court finds that Defendant Harmon has exercised enough diligence and prejudice to Plaintiffs can be

tempered. Rule 16(b)'s good cause requirement is satisfied.

**B. Rule 15**

The Court's analysis does not end at Rule 16. The Court must still consider whether Defendant Harmon should be granted leave to amend his answer under Rule 15. As noted above, the Court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Defendant Harmon argues good cause supports his amendment under this Rule as well. Specifically, he states that the Court found the two state law claims pled against him sufficient only one month ago. (Doc. 278 at 5). So, there is no undue delay. (*Id.*). He repeats similar arguments as before with respect to prejudice and additionally submits the new state law defense is "legally solid." (*Id.* at 5–6). Plaintiffs counter that the amendment is delayed, they will be prejudiced, and the affirmative defense is futile. (Doc. 285).

First as to undue delay, Plaintiffs arguments rejected above are more pertinent here—though still unsuccessful. Plaintiffs suggest that Defendant Harmon should have included the Chapter 2744 immunity defense in his original partial answer. (Doc. 285 at 3). They observe that he pleaded other affirmative defenses and say Harmon does not offer a reason for why the Chapter 2744 defense was not included. (*Id.*). Contrary to Plaintiffs' assertion, Harmon does offer justification for not including this defense in his original partial answer: he had separately moved to dismiss all state law claims against him. (Doc. 286 at 2). The only claim he answered was Plaintiffs' claim for violations of 42 U.S.C. § 1983. (*Id.*). As Harmon says, Ohio statutory immunity under Chapter 2744 is irrelevant to this claim. *Gilligan v. Hocking Cnty.*, Ohio, No. 2:23-CV-625, 2024 WL 95775, at *3 (S.D. Ohio Mar. 6, 2024) ("The Ohio Revised Code expressly states that immunity provided by O.R.C. § 2744.02–.03 does not apply to 'civil claims based upon alleged violations of the constitution or statutes of the United States.' O.R.C. § 2744.09(E)."); *see also Shreve v. Franklin Cnty.*, No. 2:10-CV-644, 2012 WL 1580936, at *2 (S.D. Ohio May 4, 2012) (striking a Chapter

2744 defense where the plaintiffs alleged only 42 U.S.C. § 1983 claims because the defense was "simply not applicable to the claims that are alleged and therefore constitute an insufficient defense").

Additionally, the Court finds that Defendant Harmon seeking leave to amend 16 days after he was permitted to do so under Federal Rule of Civil Procedure 12(a)(4)(A) is not undue delay. Sixteen days is not so long. At any rate, "[d]elay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading[.]" *Moore*, 790 F.2d at 561. Nothing in the record suggests that Defendant Harmon's amendment amounts to harassment. (*See* Doc. 278). And, as explained above, any prejudice to Plaintiffs can be mitigated.

Finally, the Court is unmoved by Plaintiffs' futility arguments. At this stage, the Undersigned must determine only "whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty.*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015). On its face, Defendant Harmon's amended answer clears this low hurdle. (Doc. 278-1). Further evaluating Plaintiffs' arguments would require the Undersigned to address the merits of Defendant Harmon's new affirmative defense. *Cf. Moraine Prop., LLC v. Ethyl Corp.*, No. 3:07-cv-229, 2009 WL 10679543, at *1 (S.D. Ohio June 22, 2009) (noting procedural complications that arise when parties raise futility arguments for a magistrate judge's ruling). The better course is to permit amendment and allow the defense to be tested on dispositive motions before the District Judge or at trial. For all these reasons, Defendant Harmon is permitted to amend his answer under Rule 15 as well.

***

In sum, the Court concludes that under both Rules 15 and 16, Defendant Harmon may amend his answer. He is **ORDERED** to file a clean copy of his amended answer by July 31, 2026.

To address Plaintiffs' concern related to how the new affirmative defense impacts their pending motions to compel (Docs. 246, 251), Plaintiffs' reply deadlines for those motions are now August 7, 2026. Plaintiffs may include arguments about the new affirmative defense in their reply. Defendants are **GRANTED** leave to file sur-replies, **due on or before August 14, 2026**. The sur-replies shall not exceed **five (5) pages** and shall address only Plaintiffs' arguments about the new defense.

Additionally, the parties are **ORDERED** to meet and confer in good faith on a discovery plan. The discovery plan should be limited to discovery on the Ohio Revised Code Chapter 2744 immunity defense. The parties are strongly encouraged to collaborate on the method and timing of any new discovery and minimize the need for judicial intervention. The plan should contemplate discovery on this topic taking no longer than one month. The parties are **ORDERED** to file a status update on or before **August 7, 2026**, detailing their plan.

## IV. CONCLUSION

Defendant Harmon's Motion to Amend is **GRANTED**. (Doc. 278). He is **ORDERED** to file a clean copy of the amendment by July 31, 2026. Plaintiffs' deadlines to reply to the pending motions to compel (Docs. 246, 251) are now August 7, 2026. Defendants are **GRANTED** leave to file sur-replies by August 14, 2026. The parties are **ORDERED** to meet and confer on a discovery plan and file an update detailing the same on or before August 7, 2026.

IT IS SO ORDERED.

Date: July 29, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE